UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NOHEME PEREZ,

                             **COMPLAINT**

             Plaintiff,

    -against-                   **Demand for Trial by Jury**

CITY OF NEW YORK, individually and in their official    ECF Case
capacities as police officers, YVONNE EDWARDS,
GEOFFREY WYRICK and JOHN or JANE DOE 1-10,    Docket No. 20-cv-1359

             Defendants.

-------------------------------------------------------------------X

     Plaintiff, NOHEME PEREZ, by and through the undersigned attorneys, Sim & DePaola,

LLP, for her complaint against the Defendants, City of New York, individually and in their

official capacities as police officers, YVONNE EDWARDS, GEOFFREY WYRICK and John or

Jane Doe 1-10, alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1981,

1983, 1985, 1986 and 1988 for the violation of her civil rights protected by the Fourth, Sixth and

Fourteenth Amendments, in addition to violations of the Laws and Constitution of the State of

New York.

2.     These claims arise from a May 15, 2017 incident in which Defendants, acting under color

of state law, unlawfully stopped, arrested and detained Plaintiff without a valid warrant,

reasonable suspicion or probable cause to do so. Plaintiff was subsequently charged with

Operating a Motor Vehicle While Intoxicated and other related charges. She was thereafter

maliciously prosecuted, until the respective charges were each dismissed and sealed on the following dates, January 11, 2018, April 3, 2018 and October 2, 2018.

3.      The above referenced acts caused Plaintiff to be deprived of her liberty, denied her rights to due process and equal protection of the laws, as well as to sustain various emotional and physical injuries.

4.      Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

5.      This action arises under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 and pursuant to the Laws and Constitution of the State of New York.

6.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

7.      Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8.      Plaintiff, NOHEME PEREZ ("Plaintiff"), is a female Hispanic or Latina, who resides in Bronx County, within the City and State of New York.

9.      The Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

10.     At all times relevant hereto, Defendant City, acting through the New York City Police Department ( "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

11.     In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

12.     Defendants YVONNE EDWARDS and GEOFFREY WYRICK were, at all relevant times herein, police officers employed by the NYPD and as such were acting in the capacities of agents, servants and employees of the City of New York.  Defendants EDWARDS and WYRICK were, at all relevant times herein, believed to be assigned to the NYPD's 28th Precinct in New York County. Defendants EDWARDS and WYRICK are being sued in their individual and official capacities.

13.     At all relevant times, Defendants, John or Jane Doe 1-10, were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD.  At this time, Plaintiff does not know the true names or tax registry numbers of John or Jane Doe 1-10, but believes such knowledge is within possession of the Defendants.

14.     At all relevant times herein, Defendants John or Jane Doe 1-10, were acting as agents, servants and employees of the City of New York, the NYPD.  Defendants John or Jane Doe 1-10, are being sued in their individual and official capacities.

15.    At all relevant times herein, Defendants, including EDWARDS and John or Jane Doe 1-10, were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

16.    On May 15, 2017, at approximately 7:32 p.m., Plaintiff was outside, in the vicinity of the Northwest Corner of 7th Avenue and West 122nd Street in the County and State of New York.

17.    At all times herein mentioned, Plaintiff was in obeyance of all laws, including all vehicle and traffic laws then in effect.

18.    At the above stated location, Plaintiff was illegally approached, stopped, questioned, searched and seized by Defendants, including EDWARDS and WYRICK, as she had committed no crime or violation of the law.

19.    Defendants, including EDWARDS and WYRICK, then violently grabbed and struck plaintiff's person with their outstretched arms, which prevented plaintiff from exercising her freedom of movement.

20.    Defendants, including EDWARDS and WYRICK, then proceeded to apply excessive force against plaintiff by aggressively shoving her before proceeding to violently and unnaturally contort her arms and wrists behind her back without her consent or other legal justification therefor.

21.    Defendants, including EDWARDS and WYRICK, applied the handcuffs to Plaintiff's person in an excessively forceful and tight fashion, which caused her to suffer substantial pain and discomfort.

22.    Upon arrival at the precinct, Defendants, including EDWARDS and WYRICK, conducted or authorized an illegal strip search and cavity inspection of Plaintiff's person, as

there was no reasonable suspicion or probable cause to believe that any contraband had been secreted therein.

23.     The accusatory instrument, also referred to as a Criminal Court Complaint, was signed by Defendant EDWARDS, despite her complete knowledge that the information forming the bases for the criminal charges therein was completely fabricated, incomplete and misleading.

24.     Defendants, including EDWARDS and WYRICK, knowingly and intentionally gave false, misleading, or incomplete information to the District Attorney's Office, namely that they observed plaintiff to be exhibiting signs of intoxication, such as watery, glossy eyes and the odor of alcohol on her breath, that plaintiff informed defendants that she had driven a car and that there was probable cause present to believe that plaintiff had operated a motor vehicle while intoxicated by alcohol.

25.     Defendants, including EDWARDS and WYRICK, were fully aware that plaintiff had not committed any crime or violation of the law, including Operating a Motor Vehicle While Intoxicated, but chose to state so anyway to justify their wrongful and discriminatory actions toward plaintiff, which were perpetrated solely because of her status as a Hispanic or Latina woman.

26.     Plaintiff, therefore, asserts that due to the clear absence of any viable probable cause to warrant her detention or prosecution, at any point, she was unlawfully detained, denied her right to fair trial and maliciously prosecuted from the moment she was stopped by defendants EDWARDS and WYRICK, until the favorable termination of the criminal charges via their respective dismissals in criminal court.

27.     Plaintiff was deprived of her liberty and freedom of movement after her criminal court arraignment, because she was compelled to personally appear in court after her arraignment to contest the false charges levied against her.

28.     At all times relevant hereto, the Defendants, including EDWARDS, WYRICK and John or Jane Doe 1-10, were involved in the decision to arrest Plaintiff without probable cause, or failed to intervene when they observed others arresting Plaintiff without probable cause.

29.     Plaintiff asserts that the aforementioned unlawful acts committed by Defendants are representative of a pervasive policy, custom or pattern and practice within the City of New York and the NYPD.

30.     Defendants, including EDWARDS, WYRICK and John or Jane Doe 1-10, unlawfully stopped, questioned, searched, seized, arrested, and maliciously prosecuted Plaintiff, due solely to Defendants' perception or consideration of Plaintiff's race.

31.     Defendants, including EDWARDS, WYRICK and John or Jane Doe 1-10, possessed no valid reason, whatsoever, to approach, stop or arrest Plaintiff, which gives rise to the strong inference that their unlawful conduct towards Plaintiff was discriminatorily motivated and enacted upon.

32.     Defendants, including EDWARDS, WYRICK and John or Jane Doe 1-10, subjected Plaintiff to disparate treatment compared to other individuals similarly situated, because Defendants did not stop any white individuals, who were present and similarly situated to plaintiff.

33.     Plaintiff asserts that the Defendants, including EDWARDS, WYRICK and John or Jane Doe 1-10, who violated Plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the NYPD and the City

of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD and City of New York or, at the very least, conclusive evidence that the City and the NYPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact their police officers.

34.     The individually named Defendants herein, as well as other officers serving in the employ of the NYPD and City of New York, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD, the City of New York and their respective policymakers and supervisors.

35.     *The New York Times*, as well as numerous other reputable journalistic enterprises, have reported on the widespread corruption within the NYPD and City of New York, particularly the incredibly disconcerting proclivity of many NYPD officers to lie about subject matters that are materially relevant to criminal prosecutions, including the complete fabrication of arrest evidence and witnesses. Attached hereto, as Exhibit A, and incorporated by reference herein, are various articles and reports detailing the magnitude and overwhelming prevalence of incidents, in which NYPD officers were caught lying, including instances that resulted in the arrest and imprisonment of innocent people. Also detailed, is the NYPD's obstinate refusal to effectuate corrective or preventive measures to combat the inevitable recurrence of such misdeeds, and perhaps most troubling, the NYPD's alarming tendency to, instead, reward and promote these officers, including those who were inculpated via some incontrovertible form of evidence.

36.      On March 18, 2018, *The New York Times* published an explosive article, entitled

"Promotions, Not Punishments for Officers Accused of Lying," written by Joseph Goldstein. Mr.

Goldstein shines a light on the multitude of flaws within the CCRB and the NYPD, highlighting

the fact that the substantiation of a claim against an officer will invariably rely on the presence of

incontrovertible proof against the officer. Due to the rarity availability of this type of evidence,

an alarmingly small percentage of officer misconduct claims are substantiated. The CCRB is

further handicapped by a terribly designed system that requires evidence of a virtually

indisputable nature to substantiate any claim against an officer. The article also details the

NYPD's persistent reluctance to investigate or discipline officers who lie and even posits that

this reluctance is a significant cause of the lying pandemic within the NYPD. The article

references various officers and detectives who were the subject of credible accusations relating

to the officers' intentionally false statements, with some allegations coming from federal and

state judges.

37.      On September 12, 2019, *The New York Times* published another article by Joseph

Goldstein, entitled "Officers Said They Smelled Pot. The Judge Called Them Liars."

Unsurprisingly, this article dealt with the unusually high frequency of officers using the odor of

marijuana to excuse a search that conspicuously Doe not result in the recovery of any marijuana.

It should not require an article in *The New York Times* to call attention to such patently

disingenuous tactics, but has become necessary for a variety of reasons, including the NYPD's

failure to correct such behavior, the willingness of prosecutors and judges to credit the lying

officers and the increasing rate of occurrence.

38.      On April 24, 2019, *The New York Times* published an article, entitled "Detective's Lies

Sent Three People to Prison, Prosecutors Charge," by Sean Piccolo, detailing the lies of NYPD

Second Grade Detective Joseph Franco and how those lies resulted in the imprisonment of at least three innocent people. The article described how Det. Franco lied about observing drug transactions on at least three separate occasions, lies that were only uncovered through contradictory video evidence. Det. Franco's lies resulted in the innocent individuals each being sentenced to prison terms in excess of one-year.

39.     Other articles include: (i) "Testifying' by Police: A Stubborn Problem.," by Joseph Goldstein, *The New York Times*, March 18, 2018; (ii) "New York Detective Charged with Faking Lineup Results," by Joseph Goldstein, *The New York Times*, February 17, 2018; (iii) "He Excelled as a Detective, Until Prosecutors Stopped Believing Him," by Joseph Goldstein, *The New York Times*, October 17, 2017; (iv) "Review Board Notes Rise in New York Police Officers' False Statement," by J. David Goodman, *The New York Times*, May 14, 2015; (v) "In Brooklyn Gun Cases, Suspicion Turns to the Police," by Stephanie Clifford, *The New York Times*, December 11, 2014; (vi) "Detective is Found Guilty of Planting Drugs," by Tim Stelloh, *The New York Times*, November 1, 2011; and (vii) "The Drugs? They Came From the Police," by Jim Dwyer, *The New York Times*, October 13, 2011.

40.     The NYPD has a longstanding and ignominious record of failing to discipline its officers, or even entertaining allegations of wrongdoing against them, especially those involving unlawful discrimination or bias. On June 26, 2019, *The New York Times* published an article, entitled "2,495 Reports of Police Bias. Not One Was Deemed Valid by the N.Y.P.D." This article reported that within the last five (5) years, almost 2,500 separate individuals have filed formal complaints with the NYPD alleging that an officer acted with bias toward them, with not a single one being substantiated by the NYPD. Such a finding is plainly incredible and obviously the result of deliberately poor or nonexistent investigatory protocols. The report further impugned

the NYPD's commitment to combat the prejudices and the biases exhibited by many of its officers.

41.     Upon information and belief, the NYPD, the City of New York, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the NYPD that resulted in Plaintiff's arrest without probable cause.

42.     Upon information and belief, the NYPD, the City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

43.     Defendants' actions, pursuant to Plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of Plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the NYPD and the City of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with Defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD and City of New York.

44.     Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD, City of New York and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of Defendants, the NYPD and City of New York.

45.     Upon information and belief, the personnel files, records and disciplinary histories of the officer Defendants will reveal a history of Constitutional violations indicative of defendant City's knowledge that the individual officer Defendants were unfit for employment as NYPD officers, or for employment in general, and that the probability of the individually named Defendants committing similar violations in the future was extremely high.

46.     Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City and the NYPD were fully aware of Defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the City's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, including EDWARDS, WYRICK and John or Jane Doe 1-10.

47.     Upon information and belief, the NYPD and City of New York and have failed, or outright refused, to correct the individually named Defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct

48.     The aforementioned acts of Defendants, including the City, EDWARDS, WYRICK and John or Jane Doe 1-10, directly or proximately resulted in the deprivation or violation of Plaintiff's civil rights, as guaranteed and protected by the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New York.

49.     As direct or proximate results of said acts, Plaintiff was caused to suffer the loss of her liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
Unlawful Search and Seizure Under
New York State Law

50.     The above paragraphs are here incorporated by reference as though fully set forth.

51.     Defendants subjected Plaintiff and her property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

52.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to her person and property.

53.     Plaintiff did not consent to the unreasonable searches and seizures to her person or property.

54.     The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

55.     Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution and Article I, Section 12, of the New York State Constitution.

56.     Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

57.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Unlawful Search and Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

58.     The above paragraphs are here incorporated by reference as though fully set forth.

59.     Defendants subjected Plaintiff and her property to unreasonable searches and seizures

without a valid warrant and without reasonable suspicion or probable cause do so.

60.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to her

person and property.

61.     Plaintiff did not consent to the unreasonable searches and seizures to her person or

property.

62.     The unreasonable searches and seizures to Plaintiff's person and property were not

otherwise privileged.

63.     Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches

and seizures, pursuant to the Fourth Amendment to the United States Constitution and Article I,

Section 12, of the New York State Constitution.

64.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

65.     The above paragraphs are here incorporated by reference as though fully set forth.

66.     Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of

liberty without probable cause.

67.     Plaintiff was conscious of her confinement.

68.     Plaintiff did not consent to her confinement.

69.     Plaintiff's arrest and false imprisonment was not otherwise privileged.

70.     Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

71.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

### FOURTH CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

72.     The above paragraphs are here incorporated by reference as though fully set forth.

73.     The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution

by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

74.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and

imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent,

and without probable cause or reasonable suspicion.

75.     At all relevant times, Defendants acted forcibly in apprehending, arresting, and

imprisoning Plaintiff.

76.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

### FIFITH CAUSE OF ACTION
Assault and Battery Under
New York State Law

77.     The above paragraphs are here incorporated by reference as though fully set forth.

78.     Defendants made Plaintiff fear for her physical well-being and safety and placed him in

apprehension of immediate harmful or offensive touching.

79.     Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without her consent.

80.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

82.     The above paragraphs are here incorporated by reference as though fully set forth.

83.     The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

84.     Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without her consent.

85.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

86.     The above paragraphs are here incorporated by reference as though fully set forth.

87.     Defendants initiated the prosecution against Plaintiff.

88.     Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

89.     Defendants acted with malice, which may be inferred in the absence of probable cause.

90. The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

91. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

92. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

93. The above paragraphs are here incorporated by reference as though fully set forth.

94. Defendants initiated the prosecution against Plaintiff.

95. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

96. Defendants acted with malice, which may be inferred in the absence of probable cause.

97. The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

98. Accordingly, Defendants violated Plaintiff's Fourteenth Amendment rights.

99. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

100. The above paragraphs are here incorporated by reference as though fully set forth.

101. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

102.    Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

103.    Defendants intended to inflict substantial harm upon Plaintiff.

104.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

105.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

106.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## <u>TENTH CAUSE OF ACTION</u>
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

107.    The above paragraphs are here incorporated by reference as though fully set forth.

108.    Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

109.    Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

110.    Defendants intended to inflict substantial harm upon Plaintiff.

111.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

112.    Defendants' actions deprived Plaintiff of her right to free from illegal searches and seizures, as well as her right not to be deprived of her liberty without the due process of law.

113.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**ELEVENTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
New York State Law

114.    The above paragraphs are here incorporated by reference as though fully set forth herein.

115.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

116.    Defendants forwarded said false information to the District Attorney's Office.

117.    Defendants' actions caused undue post-arraignment restrictions to be imposed on her liberty and freedom of movement.

118.    Accordingly, Defendants violated Plaintiff's right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to United States Constitution, Article I, Sections 1, 2 and 6 of the New York State Constitution, as well Article II, Section 12, of the New York State Civil Rights Law.

119.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

120.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**TWELFTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

121.    The above paragraphs are here incorporated by reference as though fully set forth.

122.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision and forwarded said false information to the New York County District Attorney's Office.

123.    Defendants' actions deprived Plaintiff of her right to a fair trial and caused post-arraignment restrictions to be imposed on her liberty and freedom of movement.

124.    Accordingly, Defendants violated Plaintiff's right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to United States Constitution

125.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## <u>THIRTEENTH CAUSE OF ACTION</u>
Deprivation of Rights and Denial of Equal Protection of the Laws under
New York State law

126.    The above paragraphs are here incorporated by reference as though fully set forth herein.

127.    Plaintiff, as a Hispanic or Latina female, is a member of a racial minority and protected class.

128.    Defendants discriminated against Plaintiff on the basis of her race, color or ethnicity.

129.    Defendants also engaged in the selective of Plaintiff, in comparison to others similarly situated.

130.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff's exertion of her Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

131.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

132.    Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

133.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

134.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

135.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
42 U.S.C. §§ 1981 and 1983 Against Individual Defendants

136.    The above paragraphs are here incorporated by reference as though fully set forth herein.

137.    Plaintiff, as a Hispanic or Latina female, is a member of a racial minority and protected

class.

138.    Defendants discriminated against Plaintiff on the basis of her race, color or ethnicity

139.    Defendants also selectively treated Plaintiff in comparison to others similarly situated.

140.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such

as race, color, ethnicity, an intent to inhibit or punish Plaintiff's exertion of her Constitutional rights,

or malicious or bad faith intent to injure Plaintiff.

141.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

142.    Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes

with adverse effects against Plaintiff.

143.    Defendants did not possess a rational basis, excuse or justification for applying any laws or

statutes against Plaintiff.

144.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## FIFTEENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under
42 U.S.C. §§ 1981, 1983, 1985 and 1986 Against Individual Defendants

145.    The above paragraphs are here incorporated by reference as though fully set forth herein.

146.    Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of the equal

protection of the laws, or of the privileges and immunities under the laws.

147.    Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

148.    Plaintiff sustained injuries to her person or was deprived of rights or privileges of citizens

of the United States.

149.    Defendants' conspiracy was motivated by some racial, or otherwise class-based,

invidious discriminatory animus.

150.    The Defendants that did not engage or participate in the conspiracy to interfere with

Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be

committed or being committed, possessed the power to prevent or aid, and neglected to do so.

151.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## SIXTEENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

152.    The above paragraphs are here incorporated by reference as though fully set forth herein.

153.    Those Defendants that were present but did not actively participate in the aforementioned

unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a

duty to intervene and prevent such conduct, and failed to intervene.

154.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

155.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## SEVENTEENTHCAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

156.    The above paragraphs are here incorporated by reference as though fully set forth herein.

157.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

158.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

159.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**EIGHTEENTH CAUSE OF ACTION**
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

160.    The above paragraphs are here incorporated by reference as though fully set forth.

161.    Defendant City owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee Defendants.

162.    Defendant City breached those duties of care.

163.    Defendant City placed Defendants in a position where they could inflict foreseeable harm.

164.    Defendant City knew or should have known of its employee Defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

165.    Defendant City failed to take reasonable measures in hiring, training, retaining and supervising its employee Defendants that would have prevented the aforesaid injuries to Plaintiff.

166.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINETEENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

167.    The above paragraphs are here incorporated by reference as though fully set forth.

168.    Defendant City maintained a policy or custom that caused Plaintiff to be deprived of her civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

169.    Defendant City's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

170.    Defendant City and its policymakers failed to provide adequate training or supervision to their subordinates to such an extent that is tantamount to a deliberate indifference toward the rights of those who may come into contact with defendant City's employees.

171.    Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by defendant City and its policymakers toward the rights of individuals, who may come into contact with defendant City's employees.

172.    Defendant City's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

173.    Defendant City's conduct caused the violation of Plaintiff's civil rights, pursuant to Constitution of the United States.

174.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)    Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)    Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, the New York State Civil Rights Law and any other applicable federal, state or local law; and

**e)**    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 14, 2020

Respectfully submitted,

 _S/ Samuel C. DePaola____
Bar Number: SD0622
Sim & DePaola, LLP
*Attorneys for Plaintiff*
4240 Bell Blvd - Ste 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
sdepaola@simdepaola.com