

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **HON. SYLVIA HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **EVAN J. GOTTSTEIN**<br>*Assistant Corporation Counsel*<br>(212) 356-2262<br>egottste@law.nyc.gov |

February 13, 2023

BY ECF
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Noheme Perez v. Yvonne Edwards, et al.</u>
      20-CV-1359 (LJL)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendants Yvonne Edwards and Geoffrey Wyrick[1] in the above-referenced matter. Defendants write to apprise the Court of their efforts to submit the joint pretrial filings that are due today, and to move for dismissal of plaintiff's remaining claim in this action pursuant to Fed. R. Civ. P. 41(b).

  By way of background, on November 3, 2022, Your Honor issued an Order scheduling trial on plaintiff's sole claim that survived summary judgment—malicious prosecution—to begin on February 27, 2023, and ordering the proposed joint pretrial order ("JPTO") to be filed by February 6, 2023. Pursuant to Section 6.B of Your Honor's Individual Practices in Civil Cases, the parties were also required to file their motions *in limine*, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions at the same time that they filed the JPTO. On January 31, 2023, defendants had not heard from plaintiff regarding the parties' joint pretrial submissions, so the undersigned emailed plaintiff's counsel and tried calling their office on that date. We conferred on February 1, 2023, and agreed that we would request an extension of the February 6, 2023 deadline and defendants represented that they could be open to settlement if plaintiff communicated a new demand in light of the Court's decision on summary judgment. On February 2, 2023, defendants requested that plaintiff send a draft of her portions of the JPTO as soon as possible but no later than Monday, February 6, 2023. On February 3, 2023, the Court granted the parties a one-week extension of their deadline to file motions *in limine*, the JPTO, and other joint pretrial filings, and adjourned

---

[1] All claims against the City were dismissed on summary judgment; thus, the City is no longer a defendant in this action.

the final pretrial conference to February 24, 2023. Plaintiff even noted that she submitted that extension request "for the sole purpose of exploring settlement with Defendants to avoid unnecessary trial and the expenditure of court resources." ECF No. 75.

Defendants have not heard from plaintiff since then. On Thursday, February 9, 2023, having received neither a settlement demand nor a draft of plaintiff's portions of the JPTO, the undersigned emailed plaintiff's counsel again requesting plaintiff's portions of the JPTO as soon as possible so defendants would have time to add their portions and objections to plaintiff's exhibits before today's filing deadline. On Friday, February 10, 2023, the undersigned attempted to call plaintiff's counsel at approximately 11:13 a.m., and was told that counsel would call me back when they were available. At 11:44 a.m. on Friday, the undersigned emailed plaintiff's counsel requesting plaintiff's portion of the JPTO by 2:00 p.m. the same day and again requesting the promised settlement demand. At approximately 4:37 p.m. on Friday, although defendants had not received plaintiff's portions of the JPTO, defendants nevertheless sent plaintiff their proposed requests to charge, verdict form, and *voir dire* questions. As of the time of this writing, plaintiff's counsel still has not returned defendants' counsel's calls, communicated a settlement demand, sent plaintiff's portions of the JPTO, or addressed defendants' proposed jury charge, verdict form, or *voir dire* questions.[2]

At this juncture, defendants are left with no reasonable alternatives to seeking dismissal based on Rule 41(b). That rule provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Defendants are now severely prejudiced by plaintiff's failure to cooperate in **joint** pretrial submissions and to "explore settlement," as was the stated grounds for the last extension request. Because of the Court's preference for *all* motions *in limine* to be submitted in a single memorandum of law, defendants cannot file all of their motions *in limine* without first seeing the lists of witnesses and exhibits that plaintiff intends to present at trial. Similarly, if motions *in limine* are delayed further, defendants will be forced to rush their responses to plaintiff's motions before the scheduled trial later this month.[3] Given the short time between now and the scheduled trial, defendants would be unfairly prejudiced if forced to brief motions on an expedited schedule that would cut into defendants' other trial preparations.[4] Plaintiff's failure to communicate a settlement demand in the week after requesting a deadline extension "for the sole purpose of exploring settlement" should be deemed further evidence of plaintiff's failure to prosecute her case. And her failure to send defendants her portions of the JPTO, or address defendants' drafts of the other three joint submissions due today, is a further failure to prosecute her case and also a failure to comply with a Court Order and this Court's Individual Practices. See, e.g., Murray v. City of Yonkers, No. 19-CV-01192

---

[2] To avoid further delay, defendants are concurrently filing their proposed requests to charge, *voir dire* questions, and verdict form along with this letter.

[3] Defendants would also be prejudiced the motions *in limine* were not decided until the first day of trial, as they would have to prepare for trial uncertain of how the Court will rule on certain evidentiary motions.

[4] Plaintiff has not sought an adjournment of the trial schedule nor does plaintiff's failure to timely prosecute her case on the Court's schedule provide good cause for such an adjournment.

(PMH), 2022 U.S. Dist. LEXIS 27051, at *6-8 (S.D.N.Y. Feb. 15, 2022) (dismissing under Rule 41(b) due in part to plaintiff's failure to "contribute to his portion of the joint pretrial submissions").

Accordingly, without any communication from plaintiff in the last week regarding settlement or her portions of the four **joint** pretrial submissions due today, defendants respectfully move for dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute and failure comply with the Court's orders.[5]

Defendants thank the Court for its time and consideration of this application.

Respectfully submitted,

*Evan J. Gottstein*          /s/

Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   *All Counsel of Record* (Via ECF)

---

[5] Defendants have prepared their portions of the JPTO that do not depend on plaintiff's portions (witness list, exhibit list, statement of claims that were previously asserted but later dismissed and/or abandoned, etc.) and motions *in limine* that do not account for plaintiff's intended trial witnesses and exhibits. Defendants are prepared to file their portions of these submissions, without plaintiff's input, on 24 hours' notice if the Court prefers.

3