

**THE CITY OF NEW YORK**

**HON. SYLVIA HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KellyAnne Holohan
*Assistant Corporation Counsel*
(212) 356-2249
kholohan@law.nyc.gov

February 21, 2023

**BY ECF**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  <u>Noheme Perez v. Yvonne Edwards, et al.</u>
           20-CV-1359 (LJL)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendants Yvonne Edwards and Geoffrey Wyrick[1] in the above-referenced matter. Defendants write to renew our February 13, 2023 motion to dismiss plaintiff's remaining claim in this action pursuant to Fed. R. Civ. P. 41(b). <u>See</u> ECF. No 77.

      The parties have been on notice of the trial date and pretrial deadlines in this matter since November 3, 2022. On February 3, 2023, the Court granted the parties' joint request for a one-week extension of pretrial deadlines, after plaintiff represented that the "sole purpose" of that extension was to "explor[e] settlement with Defendants to avoid unnecessary trial and the expenditure of court resources." ECF Nos. 75-76. After the Court granted that extension, plaintiff stopped responding to defendants' communications. <u>See</u> ECF No. 77.

      On February 13, 2023 defendants moved to dismiss pursuant to Fed. R. Civ. P. 41(b) and filed their proposed jury instructions as well as their proposed *voir dire* questions and proposed verdict form. <u>See</u> ECF Nos. 77-79. On February 14, 2023, Your Honor ordered plaintiff to show cause, by February 16, 2023, "why the case should not be dismissed for failure to prosecute or, in the alternative, why it should not be precluded from offering any evidence at trial." ECF No. 80. Defendants filed their portion of the JPTO on February 16, 2023. ECF No. 81. On February 16, 2023, Plaintiff requested more time to file her portion of the JPTO and the Court instructed plaintiff to submit her portion of the JPTO "as early as possible on February 17,

---

[1] All claims against the City were dismissed on summary judgment; thus, the City is no longer a defendant in this action.

2023 with a letter brief addressing the question why the Court should not impose sanctions on Plaintiff under Rule 16. . . including precluding Plaintiff from offering evidence at trial." ECF Nos. 82-83.  At approximately 6:53 p.m. on February 17, 2023, plaintiff filed a letter opposing dismissal or preclusion,[2] but still did not file her portions of the JPTO.  See ECF No. 84.  On February 18, 2023 Your Honor ordered plaintiff to file "by 5 pm today, February 18, 2023" a "proper joint pretrial order" cautioning that in the absence of such a filing, "plaintiff will be precluded from offering evidence at trial." ECF No. 85.  To date, plaintiff has, once again, failed to comply with the Court's orders and still has not filed her portions of the JPTO.

Dismissal pursuant to F.R.C.P. 41(b) is more than appropriate at this juncture. Since defendants' February 13, 2023 motion to dismiss, plaintiff has missed additional deadlines, most notably being the deadline Your Honor imposed warning that "[p]laintiff *will be* precluded from offering evidence at trial." ECF. No. 85 (emphasis added).  Defendants are now severely prejudiced by all of plaintiff's failures and missed deadlines.[3]  Trial is set for February 27, 2023, a mere six days from today.  Currently, defendants cannot file all of their motions *in limine* without first seeing the lists of witnesses and exhibits that plaintiff intends to present at trial, or even properly prepare for trial.  Plaintiff's failure to file her portions of the JPTO in spite of Your Honor's unequivocal order, as well as those prior failure referenced in our prior motion, constitute definitive failures to prosecute her case and also a failure to comply with a Court Order and this Court's Individual Practices.  ECF No. 77, 85.  See, e.g., Murray v. City of Yonkers, No. 19-CV-01192 (PMH), 2022 U.S. Dist. LEXIS 27051, at *6-8 (S.D.N.Y. Feb. 15, 2022) (dismissing under Rule 41(b) due in part to plaintiff's failure to "contribute to his portion of the joint pretrial submissions").

Further, if Your Honor is not inclined to dismiss plaintiff's case, pursuant to Your Honor's February 18, 2023 order during which you reminded counsel that "[p]laintiff bears the burden", plaintiff should be precluded from offering evidence at trial.  See ECF No. 85.

---

[2] Defendants submit that plaintiff's February 17 letter failed to show good cause why this case should not be dismissed for failure to prosecute.  Plaintiff had ample opportunity to confer with defendants' counsel or write to the Court seeking an adjournment knowing that her counsel would be occupied with other trials in the weeks leading up to her pretrial deadlines in this action.  Further, plaintiff never communicated with defendants regarding her settlement position before disclosing confidential settlement negotiations in her letter on the public docket.

[3] Defendants respectfully refer the Court to our original motion for a full account of plaintiff's failures and the prejudice incurred prior to February 13, 2023.  See ECF No. 77.

Accordingly, defendants renew their February 13, 2023 motion to dismiss of plaintiff's remaining claim in this action pursuant to Fed. R. Civ. P. 41(b).  <u>See</u> ECF No 77.

Defendants thank the Court for its time and consideration of this application.

Respectfully submitted,

<u>*KellyAnne Holohan*</u>            /s/
KellyAnne Holohan
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     *All Counsel of Record* (<u>Via ECF</u>)