UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _09/12/2023_

-----------------------------------------------------------------------X
                                                                        :
NOHEME PEREZ,                                                           :
                                                                        :
                              Plaintiff,                                :
                                                                        :                    20-cv-1359 (LJL)
                                                                        :
             -v-                                                        :
                                                                        :                 AMENDED OPINION AND
YVONNE EDWARDS and GEOFFREY WYRICK,                                     :                         ORDER
                                                                        :
                              Defendants.                               :
                                                                        :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

  Defendants Yvonne Edwards and Geoffrey Wyrick (collectively, "Defendants") move,

pursuant to Federal Rule of Civil Procedure 41(b), for dismissal of Plaintiff Noheme Perez's

("Plaintiff") action for failure to prosecute.  Defendants also move pursuant to Federal Rule of

Civil Procedure 16(f) for dismissal and sanctions on Plaintiff's counsel.  Dkt. Nos. 77, 86, 87,

88.  For the following reasons, the Court dismisses the case and imposes sanctions on Plaintiff's

counsel under Rule 16(f).

## BACKGROUND

  The Court assumes familiarity with the facts of the suit, which were outlined in the

Court's Prior Opinion and Order dated September 14, 2022.  Dkt. No. 71.  In that Opinion and

Order, the Court granted Defendants' motion for summary judgment in part and denied it in part.

*Id*.  The only claim of Plaintiff to survive summary judgment was one for malicious prosecution

based on three of the five charges brought against Plaintiff by the District Attorney's Office—

resisting arrest, N.Y. Penal Law § 205.30, driving while intoxicated, N.Y. Vehicle and Traffic

Law § 1192(3), and driving while ability impaired, *id*. § 1192(1).  Dkt. No. 71 at 37–42.  That

claim survived because the three underlying charges were the subject of an "adjournment in

contemplation of dismissal" and Defendants did not move for summary judgment on the grounds that those three charges that were dismissed effected no incremental deprivation of Plaintiff's liberty beyond that which was effected by the other two charges as to which there was probable cause. *Id*. at 42.

Plaintiff has since shown a lack of interest in the case's prosecution and persistent failures to comply with Court deadlines. The Court, on November 3, 2022, set a deadline of February 6, 2023, for the joint pretrial order for a trial scheduled to begin on February 27, 2023. On February 3, 2023, Plaintiff requested an extension of the deadline to file the joint pretrial order until February 13, 2023, "for the sole purpose of exploring settlement with Defendant to avoid an unnecessary trial and the expenditure of court resources." Dkt. No. 75. The Court granted that request. Dkt. No. 76. Plaintiff failed to submit the joint pretrial order on February 13, 2023. Plaintiff never responded to Defendants' subsequent requests that the parties discuss the joint pretrial submissions or settlement. Dkt. No. 77 at 1–2. Nor, despite having requested an extension for the purported purpose of discussing settlement, did Plaintiff ever communicate a settlement demand to Defendants. *Id*. Defendants' repeated emails and their phone call since the extension went unanswered. Dkt. No. 88-1 at 5. Indeed, Plaintiff has failed to communicate with Defendants at all since seeking an extension on February 3, 2023. Dkt. No. 77 at 2; Dkt. No. 88-1 at 5.

On February 13, 2023, Defendants, having not heard from Plaintiff, moved for dismissal based on the failure to prosecute, noting that "plaintiff's counsel still has not returned defendants' counsel's calls, communicated a settlement demand, sent plaintiff's portions of the JPTO, or addressed defendants' proposed jury charge, verdict form, or voir dire questions." Dkt. No. 77 at 2. The Court issued an order that day, which was entered on February 14, 2023, taking

the motion under advisement.  Dkt. No. 80.  In that order, the Court permitted Defendants to unilaterally file their portion of the joint pretrial order by February 16, 2023, and also ordered Plaintiff to show cause by February 16, 2023, as to why the case should not be dismissed for failure to prosecute or, in the alternative, why Plaintiff should not be precluded from offering any evidence at trial.  *Id*.  Defendants satisfied their obligations by submitting their portion of the pretrial order on February 16, 2023.  Dkt. No. 81.  Plaintiff made no effort to communicate with Defendants following the order to show cause.  Dkt. No. 88-1 at 6–7.

On February 16, 2023, Plaintiff submitted a response to the order to show cause in which Plaintiff professed an intent to prosecute the case but blamed the failure to meet deadlines on the loss of support staff and that the partners and supervising attorneys for the matter were occupied with separate trials from January 23, 2023, to February 9, 2023.  Dkt. No. 82.  Plaintiff's counsel also discussed his client's settlement position, which had never been communicated to Defendants.  *Id*.; Dkt. No. 88-1 at 7.  Plaintiff asked for a further extension until February 17, 2023, to submit their portion of the joint pretrial order.  Dkt. No. 82.  The Court took that motion under advisement, ruling that Plaintiff could submit its portion of the joint pretrial order "as early as possible on February 17, 2023" along with a letter brief explaining why the Court should not impose sanctions on Plaintiff under Rule 16 for violation of the Court's scheduling order setting a date of February 13, 2023, for submission of the joint pretrial order, including precluding Plaintiff from offering evidence at trial.  Dkt. No. 83.

Plaintiff did not comply with that order.  On February 17, 2023, shortly before 7:00 p.m., Plaintiff submitted proposed jury instructions, a proposed verdict form, and a proposed voir dire form.  The proposed jury instructions, verdict form, and voir dire form appear to be nearly identical to submissions of the same from Defendants; they do not reflect any independent work

by Plaintiff.  Dkt. Nos. 84-1, 84-2, 84-3.  Plaintiff did not provide a pretrial order, including a list of witnesses or proposed exhibits.  The accompanying letter from Plaintiff's counsel asked for Plaintiff to be relieved from the consequences of having violated the Court's order based on the claim that "this is the undersigned's first time preparing for trial due to their limited experience in federal court," and because of "the absence of supervising attorneys over the past month, mental health concerns, and the loss of an attorney approximately six months ago who has yet to be replaced."  Dkt. No. 84.

The Court issued an order the following morning at approximately 8:30 a.m. taking under advisement Plaintiff's request for an extension of time to file the joint pretrial order.  Dkt. No. 85.  The Court stated in clear language:  "Plaintiff still has not indicated any witnesses she intends to call at trial or any exhibits she intends to offer, as required for a joint pretrial order. Counsel is reminded that Plaintiff bears the burden of proof and Defendants need not offer any evidence.  Plaintiff has violated numerous court orders.  Unless a proper joint pretrial order is filed by 5pm today, February 18, 2023, Plaintiff will be precluded from offering evidence at trial."  *Id*.  Plaintiff did not respond to the order.  On February 21, 2023, Defendants filed a renewed motion for failure to prosecute.  Dkt. No. 86.  On February 24, 2023, the date of the final pretrial conference, Defendants filed a supplemental letter invoking Rule 41(b) and Rule 16(f) in support of dismissal.  Dkt. No. 87.  Plaintiff, as of the date of this Opinion and Order, has not filed any list of proposed witnesses or exhibits.

The final pretrial conference was scheduled for February 24, 2023.  Dkt. No. 88-1. Defendants appeared.  Plaintiff did not.  At the conference, Defendants reiterated the facts as previously described and sought dismissal under both Rule 41(b) and Rule 16(f).  *Id.* at 11. Following the conference, Defendants moved for sanctions pursuant to Rule 16(f).  Dkt. No. 88.

**DISCUSSION**

Defendants argue that dismissal of this case is warranted "pursuant to Rule 41(b) and Rule 16(f) for failure to prosecute and failure to comply with court orders."  Dkt. No. 87 at 3. They emphasize Plaintiff's repeated failure to adhere to Court-imposed deadlines and argue that they are "severely prejudiced by plaintiff's failure to cooperate in **joint** pretrial submissions and to 'explore settlement,'" Dkt. No. 77 at 2, and that this is "not simply an isolated incident of neglect on the part of plaintiff's counsel," Dkt. No. 87 at 2.  They also seek additional monetary sanctions under Rule 16(f).  Dkt. No. 88.  In her February 16 submission, Plaintiff asserted that she has "good cause" for her failure to meet deadlines, Dkt. No. 82 at 1, and later "beseeches the Court to not punish Plaintiff . . . with sanctions for the failing of [counsel]," Dkt. No. 84 at 1. Plaintiff did not respond to Defendants' renewed motion to dismiss on February 21, 2023, or the motions for sanctions on February 24, 2023, or appear at the final pretrial conference to defend against the motion.

Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:  (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f).  The orders listed by Rule 37(b)(2)(A)(ii)-(vii) include, *inter alia*, orders "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," and "(v) dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A).

"In deciding whether sanctions are merited under Rule 16(f) or 37(b)(2), the Court need not find that the party acted in bad faith." *Shanchun Yu v. Diguojiaoyu, Inc.*, 2019 WL 6174204, at *3 (S.D.N.Y. Nov. 20, 2019).  "The Court need find only that there is clear and convincing

evidence that counsel disregarded a clear and unambiguous scheduling or other pretrial order."
*Id*.

"[Rule 16's] explicit reference to sanctions reflects the Rule's intention to encourage forceful judicial management and vests a district court with discretion to impose whichever sanction it feels is appropriate under the circumstances." *Chevrestt v. Barstool Sports, Inc.*, 2020 WL 2301210, at *2 (S.D.N.Y. May 8, 2020) (quoting *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018)) (internal quotation marks omitted). "The purpose of the sanctions is three-fold: (1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well." *Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011) (quoting *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 56 (S.D.N.Y. 1997)).

## I.   Dismissal

The Court agrees with Defendants that dismissal of Plaintiff's remaining malicious prosecution claim is warranted under Rule 16(f).

"Dismissal 'is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions.'" *Carter v. Jablonsky*, 121 F. App'x 888, 888–89 (2d Cir. 2005) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)). Such dismissal sanctions are appropriate "where a party fails to comply with court orders 'willfully, in bad faith, or through fault,'" *Id.* at 889 (quoting *John B. Hull, Inc.*, 845 F.2d at 1176), which may be indicated when "the record so plainly demonstrates [the party's] flagrant disregard of court orders despite the court's patient efforts to secure his compliance," *id*. "[T]he standards developed under Rule 37(b)(2) are applied" when a district court dismisses "pursuant to Rule 16(f)." *Houghton v. Culver*, 467 F.

App'x 63, 65 (2d Cir. 2012).  There are several "useful" factors for assessing dismissal of an action under Rule 37(b)(2): "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance."  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–03 (2d Cir. 2009).  "[T]hese factors are not exclusive, and they need not each be resolved against the party challenging the district court's sanctions . . . to conclude that those sanctions were within the court's discretion."  *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

Plaintiff has been on consistent notice that failure to file her portion of the pretrial order would result in dismissal.  Defendants have made numerous filings in support of their motion to dismiss that has been pending since February 13, 2023.  See Dkt. No. 77 (Motion dated February 13, 2023); Dkt. No. 86 (Renewed motion dated February 21, 2023); Dkt. No. 87 (Supplemental Letter in support of the Motion); Dkt. No. 88 (Letter in support of sanctions).  The Court has likewise put Plaintiff on notice several times that her case may be dismissed through orders that Plaintiff must show "cause why the case should not be dismissed," Dkt. No. 80, and why the Court should not "impose sanctions on Plaintiff under Rule 16," Dkt. No. 83.  Most recently, the Court informed Plaintiff that failure to file a joint pretrial order would result in an order precluding Plaintiff from offering any evidence at trial—a result tantamount to dismissal.  Dkt. No. 85.  "These orders were explicit and there is no suggestion that [counsel] misread or misunderstood them."  *Petrisch*, 789 F. Supp. 2d at 455.  Plaintiff has been warned of the consequences of failure to comply with the Court's orders.  *See, e.g.*, *John B. Hull*, 845 F.2d at 1177 (upholding dismissal of complaint where district court issued two warnings that failure to

obey discovery orders would result in dismissal); *Murray v. City of Yonkers*, 2022 WL 464131, at *3 (S.D.N.Y. Feb. 15, 2022) (dismissing under Rule 41(b) when "the Court has issued two Orders pressing Plaintiff to participate in this action.  He has not complied with those Orders and there is no reason to believe that he intends to pursue this action any further.").

The Court also finds that Plaintiff was "at fault" for the noncompliance and that such noncompliance was willful.  The Court allowed Plaintiff at least three instances to comply with Court orders.  All were disregarded by Plaintiff.  Those deadlines include the extended deadline for the pretrial order of February 13, 2023, Dkt. No. 76, the second extended deadline for Plaintiff to file her portion of the pretrial order on February 17, 2023, Dkt. No. 80, and the third and final extension for Plaintiff to submit the evidence that she intended to rely on at trial on February 18, 2023, Dkt. No. 83.  *See also* Hon. Lewis J. Liman, Individual Practices in Civil Cases ¶ 6.A.ix–xi. (outlining requirement that joint pretrial order indicate evidence that the parties intend to rely upon for trial).  That Plaintiff neither showed up for the final pretrial conference, nor communicated at all with Defendants following the extended deadline—let alone communicate a settlement demand—evinces that Plaintiff is at fault for the failure to comply and that such lack of compliance was willful.  *See*, *e.g.*, *Carter*, 121 F. App'x at 889–90 (dismissing pursuant to Rule 16(f) for failure to file witness and exhibit lists following multiple extensions); *Houghton*, 467 F. App'x at 65 (dismissing under Rule 16(f) when "[t]he record demonstrates that Houghton failed to comply with three pretrial orders and did nothing to prepare for a trial that had been scheduled for approximately six months.").

The Court has also explored the efficacy of lesser sanctions and deemed them to be inadequate.  In each of several orders to show cause, the Court offered Plaintiff the opportunity to cure her default and to be able to proceed to trial.  *See* Dkt. Nos. 80, 83, 85.  Plaintiff never

availed herself of that opportunity.  When the final pretrial conference took place on February

24, 2023, Plaintiff still had not listed any witnesses she intended to call or any exhibits she

intended to offer.  She also did not show up at the final pretrial conference.  Such "extreme

circumstances" of willfulness show that lesser sanctions would not be effective.  *Ali v. Dainese*

*USA, Inc.*, 577 F. Supp. 3d 205, 223 (S.D.N.Y. 2021).

Finally, Plaintiff's counsel has advanced no legitimate reason for violating, on multiple

instances, the Court's pretrial orders.  Plaintiff states that supervising attorneys and partners Mr.

Peter Sim and Mr. Samuel DePaola "were occupied with separate trials from January 23, 2023 to

February 9, 2023."  Dkt. No. 82.  But Plaintiff's argument strains credulity.  The Court set the

trial date in this case on November 3, 2022.  One of the two trial trials that Plaintiff alleges

conflicted with the preparation of this trial was *Marshall v. Port Authority*, 19-cv-2168

(S.D.N.Y.), a four-day trial that took place before this Court from February 6, 2023, to February

9, 2023.[1]  The Honorable Judge Analisa Torres on July 8, 2022, set a trial-ready date for

*Marshall* for February 6, 2023, which this Court confirmed on November 29, 2022, as a firm

trial date.  *Marshall v. Port Authority*, 19-cv-2168 (S.D.N.Y.), ECF. Nos. 91, 94.  Plaintiff did

not seek an adjournment of this case or the deadline for the joint pretrial order when the Court

originally ordered it on November 3, 2022.  Nor did counsel seek an adjournment of the

*Marshall* case when the Court set the dates for this case.  Marshall was represented by only one

of the two purported supervising partners at trial.  Counsel also would have had ample time to

consult with Mr. DePaola both before and after the trial in *Marshall*.[2]  There is no excuse for

---

[1] Closing statements in *Marshall* were made on February 8, 2023.  The jury reached a verdict on
February 9, 2023.
[2] It is also worth noting that Plaintiff's counsel, Mr. Samuel DePaola, was persistently late for
the final pretrial conference and trial in *Marshall*.  *See, e.g.*, *Marshall v. Port Authority*, 19-cv-
2168 (S.D.N.Y.), Final Pretrial Conference Tr.; Trial Tr. at 2, 567–68.

why after *Marshall* ended on February 9, 2023, counsel could not have consulted with Mr. DePaola. Nor is there excuse for why counsel here could not have consulted with the other supervising attorney. It beggars belief that the *Marshall* trial would have precluded preparation of the joint pretrial order. The Court can take judicial notice of the facts of *Marshall*. As noted, testimony in the case lasted three days. Only five witnesses were presented. The case required minimal legal work. There was lengthy downtime while the jury was deliberating during which Plaintiff's counsel could have been consulted regarding this case. It is inconceivable that Plaintiff's counsel did not have the time to put together a simple witness list for this case, which involves a straightforward malicious prosecution claim with one Plaintiff victim and two defendant officers. Nor do Plaintiff's excuses provide justification for failing to communicate at all with Defendants or failing to appear for the final pretrial conference. Finally, it is insufficient for Plaintiff's counsel to blame its own performance and ask that Plaintiff herself not be penalized for the fact that her lawyers have not prosecuted her case. Parties are bound by the acts—or the failure to act—by their lawyers. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962); *see also Shanchun Yu*, 2019 WL 6174204, at *5 (finding sanctions warranted because there was no "good-faith explanation" for the failure to comply). Plaintiff's counsel's actions caused Defendants to suffer prejudice and inconvenienced the Court.

The Court also notes that such behavior by Plaintiff's counsel appears to be part of a pattern of consistently flouting deadlines imposed by courts in this district. In addition to their behavior in this case and in *Marshall*, Plaintiff's law firm has repeatedly disregarded numerous deadlines, often resulting in dismissal of their clients' cases. *See*, *e.g.*, *Carwell v. City of New York*, No. 21-CV-480 (S.D.N.Y.), ECF No. 57 (dismissing sole remaining claim after plaintiff missed two deadlines to show cause why it should not be dismissed); *De Mata v. City of New*

*York*, No. 21-CV-155 (S.D.N.Y.), ECF No. 57 (describing "course of conduct" of Sim & DePaola's "inattention" to that case, noting that "Plaintiff's counsel's above letter request for an extension of time . . . is the latest example of the firm's patent disregard for Court-ordered deadlines"); *Wilson v. City of New York*, No. 21-CV-479 (S.D.N.Y.), ECF No. 51 (deeming defendants' motion for summary judgment fully briefed and unopposed after plaintiff missed the deadline to file opposition despite having received an extension of time to file a response); *Rodriguez v. Grullon 311 NYC*, No. 19-CV-1526 (E.D.N.Y.), ECF No. 50 (dismissing case for failure to prosecute after plaintiff's counsel twice missed a deadline to respond to defendants' pre-motion conference letter).  These instances support the Court's conclusion that Plaintiff's counsel acted willfully and with fault and has no good faith excuse for their failure.  *See Bell v. Ramirez*, 2021 WL 5280626, at *3 (S.D.N.Y. Nov. 12, 2021) (concluding on the basis of "the record and Bell's conduct in other cases in this District," that the plaintiff had "acted willfully, in bad faith, or through fault"); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (stating that the Court has inherent authority to impose sanctions for "disobedience [of] the orders of the [court]," both before the "court and . . . beyond the court's confines").

For these reasons, the Court dismisses Plaintiff's remaining malicious prosecution claim pursuant to Rule 16(f).

## II.     Sanctions on Plaintiff's Counsel

The Court also agrees with Defendants that the imposition of sanctions on Plaintiff's counsel is warranted under Rule 16.

"Rule 16(f)(2) states that in addition to any other sanction imposed, the Court must order the non-complying party, its attorney, or both to pay the reasonable expenses, including attorneys' fees, incurred as a result of non-compliance." *Am. Exch. Time LLC v. Tissot S.A.*, 2022 WL 17414348, at *3 (S.D.N.Y. Dec. 5, 2022) (citing Fed. R. Civ. P. 16(f)(2)).  "Under

Rule 16(f), the [monetary] sanctions amount need[ ] to be sufficiently substantial both to compensate and to deter." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 292 (2d Cir. 2021). "Courts regularly impose sanctions when a party fails to appear for a scheduled conference before the Court." *Id*. (citing cases).

Considering Plaintiff's counsel's noncompliance with the Court's orders, the Court conditionally awards Defendants' reasonable attorneys' fees and costs incurred for filing their motions for dismissal based on the failure to prosecute and for sanctions, for preparing the pretrial order, and for attending the final pretrial conference that Plaintiff's counsel failed to attend.  Dkt. No. 88 at 2; *see also Dainese USA, Inc.*, 577 F. Supp. 3d at 228 (imposing fees and costs incurred in connection with the violations); *cf. Gurvey v. Cowan, Liebowitz & Lathman, P.C.*, 2014 WL 715612, at \*6 (S.D.N.Y. Feb. 25, 2014) (finding that ordering noncompliant party to pay attorneys' fees incurred in making sanctions motion and forfeit right to enforce discovery requests "is sufficient both to provide restitution to defendants for plaintiff's improper behavior and to deter plaintiff from disobeying any future discovery Orders"); *Petrisch*, 789 F. Supp. 2d at 455  (imposing costs for attendance at a status conference that the noncompliant party failed to attend).  Plaintiff's counsel is also ordered to pay the costs incurred by Defendants of the same-day transcript of the final pretrial conference.  Finally, for the purposes of deterrence and given Plaintiff's counsel's history of noncompliance, Plaintiff's counsel is ordered to pay for Defendant Wyrick's out-of-pocket expenses for travel to New York for attendance at the trial. "[T]he lack of compliance with the Court's orders was due to the conduct of counsel, rather than the plaintiff [her]self.  These costs, therefore, shall be paid by plaintiff's counsel and shall not be passed on to h[er] client." *Mpala v. Funaro*, 2015 WL 7303512, at \*2 (D. Conn. Nov. 19, 2015).

12

These awards are conditionally granted pending submission of an accounting of these costs by the Defendants to the Court.

In addition, the Court orders all three of Plaintiffs' listed counsel—Mr. Ataur Raquib, Mr. Michael Pinkard, and Mr. Samuel DePaola—to attend four hours of continuing legal education ("CLE") each on federal practice and procedure within six months of this decision. Plaintiff's counsel has stated that "this is the undersigned's first time preparing for trial due to their limited experience in federal court." Dkt. No. 84 at 1.  Plaintiff's counsel also admits that the "mistake falls solely on the undersigned" and that the Court "should not punish Plaintiff . . . for the failings of the undersigned." *Id*.  Such CLE must not be counted towards and will be in excess of these attorneys' CLE requirements for the New York bar and or any other state bar to which these attorneys belong.  The CLE must be approved by state CLE authorities.  *See Christiana Tr. v. SFR Invs. Pool 1, LLC*, 2019 WL 4934190, at *4 (D. Nev. Oct. 7, 2019) (imposing four-hour requirement within six months of decision); *Petrisch*, 789 F. Supp. 2d at 456 (imposing four-hour requirement within one year of decision); *see also id*. (citing cases).  By August 27, 2023, Plaintiffs' counsel shall submit an affidavit to the Court attesting to their completion of the required courses.  This certification shall include copies of the certificates of attendance of each course.

## CONCLUSION

Defendants' motions to dismiss are GRANTED pursuant to Rule 16(f).  Sanctions are IMPOSED on Plaintiff's attorneys as identified above, and in all other respects, the order to show cause is DISCHARGED.  Defendants shall submit to the Court its reasonable fees and costs and all other expenses subject to an award as previously described by March 10, 2023.  If Plaintiff's counsel so chooses, they may respond to this fee application no later than March 17,

2023.  Plaintiff's attorneys shall submit evidence of their completion of four hours of CLE for each attorney by August 27, 2023.

Failure to comply with this order will result in the imposition of additional sanctions and/or the initiation of contempt proceedings.

The Clerk of Court is respectfully directed to close Dkt. Nos. 77, 82, 86, and 88.


SO ORDERED.


Dated: September 12, 2023
       New York, New York                              _____
                                                              LEWIS J. LIMAN
                                                         United States District Judge